**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-89C
(Filed: February 19, 2016)
NOT FOR PUBLICATION

**FILED**

FEB 1 9 2016

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ROBERT J. MERCER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Pro Se; Sua Sponte Dismissal; Lack of |
| v. ) | Subject Matter Jurisdiction |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DISMISSAL

The court is in receipt of the complaint filed on January 15, 2016 by pro se plaintiff Robert J. Mercer, Jr., who is incarcerated at Coleman Federal Correctional Institution in Coleman, Florida. Mr. Mercer asks this court to vacate his criminal sentence on the grounds that the United States District Court for Middle District of Florida ("the district court") was not an Article III court and therefore lacked jurisdiction to sentence him. Mr. Mercer also seeks relief based on an alleged violation of his Fifth Amendment right to due process in connection with his criminal defense attorney's failure to raise this jurisdictional issue. In support of these claims, Mr. Mercer provides (1) an order from the district court dated April 30, 2015 finding that the district court lacked jurisdiction to modify his sentence other than as permitted by statute and the Federal Rules of Criminal Procedure; and (2) an order from the district court dated September 30, 2015 finding that the district court lacked jurisdiction to extend the one-year statutory deadline for filing a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 under the circumstances.[1] Mr. Mercer asserts that this court may hear his case because this court has jurisdiction over constitutional issues.

---

[1] Mr. Mercer contrasts his case to United States v. Canel, in which the United States Court of Appeals for the Third Circuit upheld judgments against defendants who were convicted before the District Court of the Virgin Islands on the grounds that "Congress has Article I legislative authority to select courts having limited tenure for the territories over which the United States maintains sovereignty." 708 F.2d 894, 896 (3d Cir. 1983) (citing American Insurance Co. v.

Plaintiffs have the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See, e.g., Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)). Although pro se plaintiffs are held to less stringent pleading standards, they must still demonstrate that the court has jurisdiction to hear their claim. See Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014) (citation omitted). Under Rule 12(h)(3) of the Rules of the Court of Federal Claims, the court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction."

The court finds that it lacks jurisdiction over Mr. Mercer's complaint for two reasons. First, this court "lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." Judd v. United States, No. 15-586C, 2015 WL 6684540, at *1 (Fed. Cl. Oct. 30, 2015) (quoting Beadles v. United States, 115 Fed. Cl. 242, 245 (2014)). This court also "has no jurisdiction to review the merits of a decision rendered by a federal district court." Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (citations omitted). Mr. Mercer expressly asks this court to review the actions of the district court and consider the validity of his criminal conviction. The court does not have jurisdiction to hear these claims.[2]

Second, the Tucker Act grants this court jurisdiction over claims against the government that are founded on the Constitution, laws, treaties, or contracts of the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not create substantive rights; it only waives sovereign immunity for claims premised on other sources of law, such as statutes or contracts, that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983)). The United States Court of Appeals for the Federal Circuit has found that "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." Dourandish v. United States, No. 2015-5091, 2015 WL 6143319, at *5 (Fed. Cir. Oct. 20, 2015) (citing Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013)). Therefore, the court lacks jurisdiction to hear Mr. Mercer's due process claim.[3]

---

Canter, 26 U.S. (1 Pet.) 511 (1828)). Because the court lacks jurisdiction, it does not reach the merits of Mr. Mercer's complaint.

[2] This court is also without power to entertain a petition for a writ of habeas corpus. See Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002).

[3] Mr. Mercer's complaint could also be read to assert a violation of his Sixth Amendment right to assistance of counsel. However, this court would similarly lack jurisdiction over such a claim

2

Accordingly, because this court lacks jurisdiction, Mr. Mercer's complaint is **DISMISSED**.[4] The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge

---

because the Sixth Amendment does not obligate the United States to pay money damages. See, e.g., Smith v. United States, 36 F. App'x 444, 446 (Fed. Cir. 2002) (citing Dupre v. United States, 229 Ct. Cl. 706, 706 (Ct. Cl. 1981)).

[4] Along with the complaint, Mr. Mercer filed an affidavit which this court construes as a motion to proceed in forma pauperis. Mr. Mercer's motion to proceed in forma pauperis is **GRANTED** for the limited purpose of filing the complaint. However, Mr. Mercer may still be required to pay the full amount of the filing fee under 28 U.S.C. § 1915(b). In addition, the court finds that Mr. Mercer's complaint was frivolous, making this a "strike" under 28 U.S.C. § 1915(g).